UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALYSSA JACQUELINE HERNANDEZ,

        Plaintiff,

v.

AUTHENTIC HOME CURATOR, LLC
D/B/A LIME PAINTING OF BOCA RATON,

        Defendants.
_____/

**COMPLAINT**

Plaintiff, ALYSSA JACQUELINE HERNANDEZ ("Hernandez"), sues Defendant, AUTHENTIC HOME CURATOR, LLC D/B/A LIME PAINTING OF BOCA RATON ("Lime Painting"), and alleges as follows:

1. This suit is brought under a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681-1681u, as amended., as well as pursuant, *inter alia*, 15 U.S.C. § 1681p.

2. Hernandez resides in Florida and is a past employee of Lime Painting.

3. At all times material hereto, Hernandez was a "consumer" and former "prospective employee" and/or "employee" of the Defendant employer within the meaning of FCRA.

4. Lime Painting is a Florida corporation with its principal address in Broward County, Florida.

5. Lime Painting is engaged in commerce in the field of painting and coatings of residential and commercial properties.

6. At all times material hereto, Lime Painting was the "Employer" of Plaintiff.

7. Lime Painting is Plaintiff's former "employer," within the meaning of the FCRA.

8. In justifiable reliance upon Lime Painting's representations and promises, Hernandez accepted employment and began working for Lime Painting as a salesperson.

9. As part of its uniform employment policy and procedure, Lime Painting initiated a background check (i.e., a consumer report) on Hernandez.

10. While Lime Painting was performing a background check and apparently securing a "consumer reports" from "consumer reporting agencies" (as those terms are defined under FCRA), Hernandez in good faith worked for Lime Painting with the promise of being paid for services rendered to Lime Painting.

11. As part of Lime Painting's hiring policy and practice, and purportedly for employment purposes (particularly for purposes of evaluating a consumer for employment), it requires all applicants for employment to agree to a background check, including for criminal convictions.

12. As part of Lime Painting's uniform employment policy and practice (particularly in hiring), it then obtains "consumer reports" with regard to the employees.

13. Lime Painting then takes "adverse action" (as that term is defined under FCRA) based in whole or in part on consumer reports received from a consumer reporting agency.

14. Lime Painting's employment policy and practice, however, is not to provide any employees with notification of Lime Painting's anticipated adverse action before taking the action.

15. Moreover, Lime Painting's employment policy and practice is also not to provide to employees copies of the background report prior to making the adverse action.

16. Furthermore, as part of Lime Painting's employment policy and practice, once the adverse action is taken against the employee/consumer based in whole or part upon the consumer report, the Lime Painting uniformly fails, *inter alia*, to provide the name, address, and telephone number of the consumer reporting agency that furnished the consumer report.

17.     Further, as part of Lime Painting's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, Lime Painting uniformly fails, *inter alia*, to disclose that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken.

18.     Also as part of Lime Painting's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, Lime Painting uniformly fails, *inter alia*, to advise employee that she may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

19.     Also as part of Lime Painting's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, Lime Painting uniformly fails, *inter alia*, to advise employee of her credit score if a score was used.

20.     On or about May-June 2021, Hernandez applied for a sales position with the Lime Painting and as part of Lime Painting's uniform employment policy and procedure, requested to authorize a background check (i.e., a consumer report).

21.     On or about May-June 2021, based upon Hernandez's qualifications for the position, she was hired subject to the background check screening.

22.     After Lime Painting apparently conducted its background investigation, Lime Painting rescinded the job offer and ultimately advised Hernandez that the adverse action was based on the results of her criminal background check.

23.     Consistent with Lime Painting's uniform employment policy and practice, Hernandez was never provided with any pre-adverse notices or documents, nor any information, disclosures or

appropriate documents provided after the adverse action was made by Lime Painting and conveyed to Hernandez.

24. Lime Painting understood the acts, implements the policy/practice, and/or engaged in the conduct referenced above through its management/H.R. personnel.

25. Lime Painting's failure to comply with FCRA was, *inter alia*, willful, knowing, intentional and/or in reckless and/or conscious disregard of or indifference to Hernandez's rights under the law as well as all other similarly situated individuals.

26. Hernandez has retained the services of the undersigned counsel and she is entitled under FCRA to an award of attorney's fees and costs for prosecution of this action.

WHEREFORE, Hernandez demands judgment as follows:

A. Judgment for appropriate actual/compensatory, statutory and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or o;

B. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or o; and

C. Such other relief as the Court may deem appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, FL 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791